IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON MICHEAL HENCHEY,

                Plaintiff,

v.                                                   OPINION and ORDER

KILOLO KIJAKAZI,
Acting Commissioner of the Social Security       20-cv-1018-jdp
Administration,

                Defendant.[1]

---

Plaintiff Brandon Micheal Henchey seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that Henchey was not disabled within the meaning of the Social Security Act. Henchey contends that he is entitled to a remand for three reasons: (1) administrative law judge (ALJ) Michael Schaefer didn't adequately explain his reasoning for rejecting the opinion of a psychologist who examined Henchey; (2) the ALJ failed to adequately consider an adult function report that Henchey prepared regarding limitations in his activities of daily living; and (3) the decision is invalid because Andrew Saul, the former commissioner, wasn't appointed in accordance with Article II of the Constitution. The court agrees with Henchey's first two contentions, so the case will be remanded for further proceedings.

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

ANALYSIS

Henchey sought benefits based on mental and physical impairments, alleging disability beginning in August 2018, when he was 29 years old. R. 18, 27.[2] In a February 2020 decision, the ALJ found that Henchey suffered from five severe impairments: bipolar disorder, attention-deficit hyperactivity disorder, anxiety, personality disorder, and substance addiction disorder. R. 16. After finding that Henchey's impairments weren't severe enough to meet or medically equal the criteria for a listed disability, the ALJ described Henchey's mental residual functional capacity (RFC) as follows:

- He can understand, remember, or carry out only simple instructions and routine tasks in a work environment with few, if any, changes in the work duties.

- He is limited to a work environment with no fast-paced production quota or rate, meaning that any production requirements should be more goal oriented, such as based on a daily or weekly or monthly quota rather than assembly line work or other similar work.

- He is capable of only occasional, brief and superficial, interactions with the public or co-workers and is capable of occasional interactions with supervisors.

R. 22. Henchey's physical limitations aren't relevant to the appeal.

Based on the testimony of a vocational expert, the ALJ found that Henchey was not disabled because he could perform jobs that are available in significant numbers in the national economy, such as dishwasher, cleaner, and assembler. R. 28. The Appeals Council declined review. R. 6–8. Henchey now appeals to this court.

On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only

---

[2] Record cites are to the administrative transcript, located at Dkt. 12.

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

## A. Opinion of psychological consultant

Henchey contends that the ALJ erred by rejecting the opinion of Gregory Cowan, a psychological consultant who examined Henchey as part of his disability application. Cowan diagnosed Henchey with borderline personality disorder, persistent depressive disorder, unspecified anxiety disorder, and antisocial traits. R. 411–18. Under a heading called "statement of work capacity," Cowan wrote that Henchey's "[a]bility to respond appropriately to supervisors and coworkers is moderately to markedly impaired by affective instability" and that his "[a]bility to withstand routine work stresses and adapt to workplace changes in a full-time competitive work environment is markedly impaired." R. 416. The parties assume that Henchey would have qualified for disability benefits if the ALJ had accepted Cowan's opinions, so the court will do the same.

The ALJ provided two reasons why he didn't find Cowan's opinion to be persuasive. First, the ALJ said that the opinion was inconsistent with Cowan's objective findings that Henchey had "adequate concentration, good memory, fair insight and judgment, no indication of thought disorder, fair fund of knowledge," was "calm and cooperative" during the examination, had an "unremarkable" activity level, and "presented as clean and with good grooming." R. 27. Second, the ALJ said that the opinion was "not consistent with the overall record, which demonstrates the claimant to have logical, coherent thought process." *Id.*

The court agrees with Henchey that the ALJ failed to build a logical bridge between the evidence and the decision to reject Cowan's opinion. The key problem is that the ALJ failed to explain how the alleged inconsistencies he identified were in fact inconsistencies. *See Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015) ("Internal inconsistencies may provide good cause to deny controlling weight to a treating physician's opinion, but the reasoning for the denial must be adequately articulated."). Cowan identified two areas of mental functioning where Henchy was markedly limited or moderately to markedly limited: tolerating stress and interacting with others at work. It's not clear how any of the objective findings listed by the ALJ bear on either area of functioning, and the acting commissioner doesn't explain.

A person may have good memory and concentration, but that doesn't mean he handles stress well or gets along with others. Cowan's observation that Henchy was "calm and cooperative" is a little closer to the mark because it is one piece of evidence that Henchey wasn't anxious or disagreeable. But Cowan didn't find that Henchey was limited in his social interaction skills because he was uncooperative. Rather, Cowan cited Henchey's "affective instability," or mood swings. The ALJ simply ignored that finding.

Moreover, Henchey's affect during a mental status examination provides little insight into how Henchey performs in a work setting. The court of appeals has repeatedly reminded ALJs to use caution before assuming that a claimant can work based on isolated observations or the claimant's conduct in other settings. *See Voigt v. Colvin*, 781 F.3d 871, 878 (7th Cir. 2015); *Punzio v. Astrue*, 630 F.3d 704, 710–11 (7th Cir. 2011). Being interviewed by a psychologist for an hour does not subject an individual to the same type of stress as being subjected to the demands of supervisors and coworkers for 40 hours a week.

Neither the ALJ nor the acting commissioner point to anything in Cowan's report contradicting his finding that Henchey had difficulty with stress and social interaction at work. That finding is consistent with Henchey's hearing testimony that he was unable to keep a job for more than a few months, he experienced panic attacks on a daily basis, he frequently had to take breaks to deal with anxiety, and once or twice a week he had to leave the jobsite because of an attack. R. 50–53, 60–62. In fact, at the time of the hearing, Henchey was unemployed and living out of his car. R. 43, 48. The ALJ's decision doesn't call into question Henchey's testimony about his anxiety.

The ALJ also failed to support his conclusion that Cowan's opinion was inconsistent with the record as a whole. The ALJ cited records suggesting that Henchey has a "logical, coherent thought process." But, again, that observation has little to do with Cowan's opinion. The ALJ didn't explain why thinking logically during a mental examination is inconsistent with a finding about an inability to handle work stressors or social interaction.

The ALJ also addressed Henchey's mental limitations in other parts of his decision. The court has an obligation "to read the ALJ's decision as a whole," *Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir. 2004), and "not [to] discount [the ALJ's reasoning] simply because it appears elsewhere in the decision." *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015). So the court will review two other relevant portions of the ALJ's decision.

First, the ALJ wrote that Henchey demonstrated his ability to get along with others because he lived with a friend and he "maintained a relationship with his significant other." R. 22. But this is comparing apples and oranges again. Having a roommate or a romantic partner is not the same thing as having coworkers and supervisors. In any event, one of the records the ALJ cites states that Henchey and his roommate didn't "really talk" while they lived

5

together. R. 414. The other record refers to a romantic relationship that lasted a "few weeks." R. 472. Neither of these relationships provide support for a view that Henchey can work productively with others despite his mood swings.

Second, the ALJ wrote that Henchey's allegation that he has difficulty handling stress was overstated because Henchey "asserted few problems attending to his personal care." R. 22. This is yet another inapt comparison. Henchey's ability to groom and feed himself are not probative of his ability to handle work stress.

The acting commissioner defends the ALJ's decision on multiple grounds, but none are persuasive. First, the commissioner says that Cowan's opinion was inconsistent with the opinion of JoAnne Coyle, a consulting psychologist who reviewed Henchey's medical records before Cowan conducted his examination. R. 96–110. Specifically, the acting commissioner points to Coyle's findings that Henchey could participate in "typical interactions" with coworkers and supervisors and that his stress tolerance was "acceptable." R. 109–10. But the ALJ didn't rely on Coyle's opinion as a basis for rejecting Cowan's opinion, so the acting commissioner can't rely on Coyle either, at least not without showing that the ALJ would be required to accept Coyle's opinion over Henchey's on remand. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). The acting commissioner hasn't made that showing.

The acting commissioner says that the court can consider Coyle's opinion because the ALJ concluded that it was "generally persuasive," R. 26, so the court should infer that the ALJ relied on Coyle to reject Cowan. But the ALJ didn't even mention the portions of Coyle's opinion that the acting commissioner is relying on now. Rather, the ALJ found "generally persuasive" Coyle's findings that Henchy could understand, remember, and concentrate on simple instructions and tasks. R. 26. That portion of Coyle's opinion is consistent with

Cowan's, who also found that Henchey could understand, remember, and carryout simple instructions. R. 416. So there is no basis for concluding that the ALJ rejected Cowan's opinion because of Coyle.

In any event, the only reason the ALJ gave for finding Coyle's opinion to be persuasive was that it was consistent with other records showing "some reduced mental functioning." R. 26. That isn't a basis for preferring Coyle over Cowan because Cowan reached the same conclusion. And Coyle herself wrote that "we don't really know how [Henchey] was doing" at the time she conducted her record review because the evidence in the file regarding Henchey's mental condition was "a bit outdated." R. 100. For that reason, she recommended a psychological evaluation, *id.*, which is presumably what led to Cowan's examination the following month. That suggests that Cowan rather than Coyle had a more current understanding of Henchey's mental condition.

The acting commissioner also cites *Recha v. Saul*, 843 F. App'x 1, 5 (7th Cir. 2021), and *Chambers v. Saul*, 861 F. App'x 95, 100–01 (7th Cir. 2021), for the proposition that "clinical exam findings of logical and coherent thought content reasonably undermine an extreme medical opinion." Dkt. 31, at 12–13. It's not clear what the acting commissioner means by this, but if she means to contend that the ALJ can disregard any finding of a marked mental limitation if the claimant has logical and coherent thoughts, the cases she cites don't support that view. In *Recha*, the court upheld the ALJ's decision to disregard a medical opinion that the claimant suffered from "illogical thinking" and "difficulties maintaining concentration" because the claimant's treatment notes "almost universally indicated that [the claimant's] thinking was logical and coherent and reflected intact concentration." 843 F. App'x at 5. In *Chambers*, the court concluded that it was appropriate for the ALJ to consider mental status

examinations as part of her review of the relevant evidence. 861 F. App'x at 100–01. Neither *Recha* nor *Chamber* holds or suggests that logical and coherent thinking is substantial evidence that a claimant can tolerate stress and interact with coworkers and supervisors appropriately.

Finally, the acting commissioner says that there is evidence in the record showing that Henchey's anxiety is controlled with medication. Dkt. 31, at 12. But the records the acting commissioner cites say nothing about tolerance to work stress. Regardless, the ALJ did not rely on or even mention any successful efforts by Henchey to increase his tolerance to stress with medication. The acting commissioner doesn't conduct a harmless error analysis, so she may not rely on these records either.

The court concludes that the ALJ failed to adequately explain his reasoning for rejecting Cowan's opinion. Henchey is entitled to a remand on that ground.

## B.  Adult function report

In concluding that Henchey isn't disabled, the ALJ relied in part on Henchey's activities of daily living. The ALJ wrote that Henchey could prepare meals, shop, pay bills, and care for his cats, which, according to the ALJ, "require[e] better functioning than he indicated." R. 25. The ALJ cited Henchey's adult function report, which is a form that Henchey filled out in September 2018 explaining how his impairments limit his activities.

The ALJ didn't explain how the cited activities show that Henchey is less impaired than he alleges. Generally, basic household activities do not show that a claimant can work fulltime. *See Hughes v. Astrue,* 705 F.3d 276, 278–79 (7th Cir. 2013) ("We have remarked the naiveté of the Social Security Administration's administrative law judges in equating household chores to employment."). But Henchey doesn't challenge the ALJ's decision on that ground. Instead, he contends that the ALJ cherry-picked information from the report, providing a skewed view

8

of his abilities. Henchey points to the following additional information that he provided in the report:

- He can't go to the store without having an anxiety attack.
- He wakes up in the morning crying.
- He has no savings or checking account.
- Sometimes he can't care for his pets because he is "checked out."
- He can no longer interact with people or engage in stressful activities.
- He stopped engaging in hobbies because of his anxiety.
- He can't deal with criticism or confrontation.
- He is always stressed.
- He is "constantly nervous."
- He is "afraid of judgment" and he "feel[s] like [his] coworkers are fake and not genuine."

R. 234–42.

The acting commissioner acknowledges that the ALJ didn't discuss any of the information that Henchey cites. But she says that the ALJ isn't required to discuss "every detail" in the record. *See Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021). That's true, of course, but it's also true that the ALJ cannot "cherry pick" the record or rely only on the evidence that supports her opinion." *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013).

The line between simply omitting a detail and cherry-picking the record can be hazy. And some of the additional information that Henchey cites adds little to what was included in Gowan's report. But that's not true for all of the information that the ALJ omitted. For example, if Henchey is unable to go shopping without having an anxiety attack, there would

be no basis for finding that Henchey isn't disabled because he can go shopping on his own. This is part of a larger problem that goes beyond just the adult function report. The ALJ noted some of Henchey's subjective complaints about anxiety, stress, and interacting others, but the ALJ didn't explain why he wasn't fully crediting those complaints. The ALJ must consider both the objective and the subjective evidence in the record, so if he was going discredit some of the subjective complaints, he needed to explain why. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) ("[T]he ALJ must specify the reasons for his [credibility] finding so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony."). So the court will direct the ALJ to conduct a new analysis of Henchey's subjective complaints, including those in the adult function report.

## C.  Constitutional challenge

Henchey contends that the commissioner who was in office at the time of his hearing held the office "on a constitutionally illicit basis" because he could not be removed by the President without cause. Dkt. 19, at 29. As a result, he says that the decision of the ALJ was invalid because it relied on delegated authority that the commissioner didn't have. This argument is based on *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), and this court has already rejected it multiple times. *See Kreibich v. Kijakazi*, No. 20-cv-1045-bbc, 2022 WL 538261, at *6 (W.D. Wis. Feb. 23, 2022) (collecting cases). Many other courts have rejected it too.[3] In fact, Henchey doesn't identify any courts that have agreed with

---

[3] *See, e.g., Moore v. Kijakazi*, No. CV 6:20-03951-MGL, 2022 WL 702518, at *4 (D.S.C. Mar. 9, 2022); *Rives v. Kijakazi*, No. 1:20CV2549, 2022 WL 681273, at *2–3 (N.D. Ohio Mar. 8, 2022); *Brittany A. v. Kijakazi*, No. 2:20-CV-6549, 2022 WL 682671, at *9–10 (S.D. Ohio Mar. 8, 2022); *Dareth T., v. Kijakazi*, No. 2:20-CV-06913-AFM, 2022 WL 671540, at *3 (C.D. Cal. Mar. 7, 2022); *Scott E. v. Kijakazi*, No. 1:21-CV-00110-JAW, 2022 WL 669687, at *5–6 (D. Me. Mar. 6, 2022).

the argument. In any event, Henchey acknowledges that his constitutional challenge is moot if the court remands the case on other grounds, Dkt. 36, at 19, so the court need not resolve this issue.

CONCLUSION

The ALJ erred by failing to provide good reasons for rejecting the opinion of Gregory Cowan and by failing to adequately consider Henchey's subjective complaints. The ALJ is directed to reconsider both issues on remand.

ORDER

IT IS ORDERED that the decision denying Bradley Micheal Henchey's application for disability insurance benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered March 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge